# IN THE COURT OF APPEALS OF IOWA

No. 16-2060
Filed February 22, 2017

**IN THE INTEREST OF J.W. and J.W.,**
**Minor children,**

**J.W., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, District Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Gina E. Verdoorn of Sporer & Flanagan, P.L.L.C., Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant Attorney General, for appellee State.

Michelle R. Becker, guardian ad litem for minor children.

Danni J. Harris-Avery of Hope Law Firm, Ankeny, for intervenor.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**DANILSON, Chief Judge.**

A father appeals the termination of his parental rights to the children, J.W., born in 2008; and J.W., born in 2014.[1] He does not contest grounds for termination exist,[2] but asserts termination is not in the children's best interests and he should be granted an additional six months to seek reunification.

Upon our de novo review, *see In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016), we find no reason to believe an additional six months would lead to a safe return of these children to a stable home, notwithstanding the father's recent willingness to "participate fully going forward." *See* Iowa Code § 232.104(2)(b) (requiring the court be able to determine that the need for removal will no longer exist at the end of the extension). The father has a long history of untreated mental-health and substance-abuse issues and he has failed to make use of the services offered him to address these concerns. His claim of recent efforts[3] to address his substance-abuse and mental-health issues comes too little, too late. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) ("A parent cannot wait until the eve of termination, after the statutory time periods for reunification have expired, to begin to express an interest in parenting.").

---

[1] The mother of the children died of a drug overdose during the pendency of these proceedings. The mother's death occurred at her home with the father and children present. She was found dead at about 3:00 a.m. by the father. No call for medical help had been made.

[2] The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(d), (f) (J.W., born 2008), (g), (h) (J.W., born 2014), and (i) (2016). Because the father acknowledges grounds for termination exist, we need not discuss the first step of our three-step analysis. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

[3] We note the trial court found the father to have an "utter lack of credibility," which made it "impossible to know when he has told or is telling the truth," but "[t]his much . . . is clear: [the father] has done very little to address his obvious needs regarding his substance abuse and mental health issues."

After the statutory limits of Iowa Code section 232.116 have passed, the case must be viewed with a sense of urgency. *Id.* These children were removed from the father's care and custody in October 2014 and have not been returned to him since. The children have been placed with a relative who is willing to adopt them. Termination of the father's parental rights will best provide the children with the possibility of a safe, stable, and caring home. *See* Iowa Code § 232.116(2) (stating the court must "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental and emotional condition and needs of the child[ren]").

The father claims a bond with his children should preclude termination of his parental rights. *See id.* § 232.116(3)(c). We note the younger child has been out of his care for most of her life. We do not find the bond between the father and the children weighs against termination. *See M.W.*, 876 N.W.2d at 225 (noting section 232.116(3) factors "are permissive, not mandatory"). We therefore affirm.

**AFFIRMED.**